UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELAINE PETRONE,<br><br>               Plaintiff,<br>v.<br><br>TURNER PUBLISHING COMPANY LLC, JOHN DOE #1, JOHN DOE #2<br><br>               Defendants. | **COMPLAINT** |

## INTRODUCTION

1. This case is brought seeking compensatory and punitive damages for intentional tortious conduct injuring Plaintiff's reputation and career, and exposing her to liability from third parties who choose to follow her professional advice; for injunctive relief; and for violation of N.Y. General Business Law §349.

## JURISDICTION & VENUE

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. The Court also has subject matter jurisdiction over this action because of complete diversity of citizenship. Defendant has offices in this district and routinely does business here.

4. Venue is proper in this judicial district under 28 U.S.C. §§1391(b) and (c), and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions gave a rise to the claims averred.

1

5.  The Court has related jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

## PARTIES

6.  Elaine Petrone is an individual who resides in the City of Stamford in the State of Connecticut ("Petrone").

7.  Defendant Turner Publishing Company LLC. ("Turner") is an independent book publishing company registered in the State of Delaware, headquartered in Nashville, Tennessee and doing business throughout the United States, including the Southern District of New York.

8.  Defendants John Doe #1 and John Doe #2 are as yet unidentified individuals or entities potentially later joined as defendants as the case proceeds.

## BACKGROUND FACTS

9.  Petrone is the creator of a wellness program known as "The Miracle Ball Method" which positions the body on inflatable plastic balls to relieve physical stress and chronic pain ("MB Method"). She enjoys a worldwide reputation as an author, teacher, and expert in her unique medical field, celebrated by physicians, therapists and media worldwide, including Time Magazine and Reader's Digest.

10. Petrone remains in demand for instructional appearances at U.S. hospitals and universities, and operates a website offering webinars and online classes.

11.     In 2004, Petrone authored a book copy-written in her name and entitled "The Miracle Ball Method", which was published, marketed, and sold by the Workman Publishing Company of New York City, New York ("Workman", the Workman Publication").

12.     To date the Workman Publication has sold some one million copies, earning Petrone an excess of $1,000,000 in royalties. It has been translated into several foreign languages including Korean. A revised edition currently on the market has experienced similar success.

13.     On or about 2019, Petrone formed Miracle Ball Method LLC ("MBM LLC"), a limited liability company registered in Connecticut, and based in Stamford, Connecticut, intended to exploit the MB Method as a brand and administer her business affairs.

14.     Defendant Turner publishes, markets, and distributes a diverse list of fiction and nonfiction books currently over 2,000 in number, including those of celebrity authors, on Amazon, its own website and other retail platforms.

15.     On or about March, 2020, MBM LLC executed an agreement with Turner (the "Turner Agreement") in which MBM LLC furnishes Petrone's services to author eight (8) books, under Petrone's exclusive copyright, on separate applications of the MBM Method for specific subject categories. They focus on the aging body, chronic pain, office comfort, core strength, yoga enhancement, sports injuries, millennial issues, and strength and stamina for a busy life.

16.     Under the Agreement, Turner agrees to pay MBM LLC royalties on net receipts with $5,000 recoupable advances upon Petrone delivery of each approved manuscript.

17. In July, 2021 Turner published the first book under the Agreement and Petrone's copyright entitled "Ageless Body", after paying MBM LLC the $5,000 advance against royalties stipulated. To date, it has experienced only a marginal sale.

18. In April, 2021, Petrone delivered a manuscript for the second book under the Turner Agreement for a book entitled "The Miracle Ball Method for Chronic Lower Back Pain" ("Work 2"). Turner accepted this manuscript as final, and promptly paid MBM LLC a second $5,000 advance.

19. On or about May, 2021 Turner advised Petrone and MBM that the final manuscript for Work 2 would be referred to an independent, outside editor for evaluation and recommendations, following the protocol established for Work 1.

20. Said outside editor reported back that extensive changes to the Work 2 manuscript were necessary, not only copyediting corrections, but revision of entire sections. Some of the recommendations, however, introduced inaccuracies that needed careful elucidation.

21. Petrone and Turner's assigned house editor agreed to work cooperatively together to accomplish all necessary adjustments. In good faith she thereafter made substantial structural and language alterations to satisfy both the house and outside editors, conveyed them to the former, and assumed from a lengthy silence from Turner which followed that they would be reflected in Work 2 in book form.

22. During this period, Turner's President and CEO had informed Petrone and MBM LLC that supposedly there had been so much complaining from his editors about Petrone's allegedly substandard work that Turner "might not be the best fit" to publish not only Work 2 but the other six (6) books in the series as well, notwithstanding the Work 1 publication already on

the market and the extensive work already devoted to Work 2. He suggested that maybe the parties should terminate the Turner Agreement and go their separate ways.

23. During this period as well, Turner undertook a major staff reorganization. Without prior notice to MBM LLC or Petrone, Turner eliminated the senior editor who acquired the MBM project for Turner, assisted in the negotiation of the Turner Agreement, and remained Petrone's chief sponsor and advocater with Turner management until her departure.

24. MBM LLC's counsel informed Turner that MBM LLC would not voluntarily cancel the project, Petrone would be moving forward on Work 3, pursuant to the Turner Agreement, and MBM was looking forward to the publication of Work 2 without further delay.

25. In late September, 2021 Turner advised Petrone and MBM LLC that publication for Work 2 was scheduled for November 16, 2021.

26. In response Petrone asked to review the Work 2 manuscript, to ensure that all agreed upon corrections had been made. Turner denied her request, alleging that no further changes could be made once the publication date was set.

27. When Work 2 was published and appeared on Amazon and Turner's own website, Petrone was horrified to discover that serious, embarrassing errors she thought had been eliminated remained uncorrected, from simple typographical errors to mistakes in content and photograph exhibits, compromising not only the book's subject matter but its very integrity.

28. Through messages to Turner from both MBM LLC's agent and attorney, Petrone and MBM LLC demanded that the book immediately be removed from circulation to protect the safety of people whose health might be compromised by attempting to use the flawed

presentation within Work 2 to alleviate their pain, and to protect Petrone's career and reputation as an expert in this field.

29. Receiving no reply, said agent, on February 2, 2022, wrote to Turner, "Book 2 with all its flaws is still available for purchase on Amazon after an urgent request for it to be removed for Elaine's protection while corrections were undertaken. We need an *immediate* explanation for his unprofessional conduct."

30. Turner refused, falsely blaming Petrone for allegedly failing to follow editorial instructions, including "the timeline required to meet the pub date", notwithstanding the fact that her communications had been ignored and publication had already occurred.

31. On February 8, 2022, MBM LLC's counsel wrote Turner and demanded under threat of litigation that Work 2 be removed from the marketplace. He received no reply.

32. Work 2, "The Miracle Ball Method for Chronic Lower Back Pain" remains on sale to the present day.

### FIRST CAUSE OF ACTION
### PRIMA FACIE TORT

33. Plaintiff repeats, realleges and incorporates by reference in this Paragraph all of the allegations set forth above as if repeated herein.

34. Turner proceeded to publish Work 2 in uncorrected form, notwithstanding all efforts by Petrone to prevent this outrageous outcome. Her subsequent demands that Work 2 be removed from the marketplace have all been denied without adequate explanation, including a demand from counsel for MBM LLC, never answered by Turner.

35. By its intentional and reckless conduct in (a) in publishing Work 2 in its semi-mutilated form and (b) refusing to remove it by demand of Petrone and MBM LLC, Turner has caused harm to Petrone's professional reputation and career and a threat of harm to the public at large. It has physically endangered those who may purchase and attempt to follow the exercises in Work 2, and exposed Petrone to possible civil and criminal liability.

36. As a critical branch of the MBM Method, Work 2 is an instructional book intended for treatment of chronic lower back pain and requires clearly laid out instructions to prevent injury. Though warned otherwise by Petrone, Turner, among other content errors, published Work 2 without instructional photographs and other graphics relating to key areas of the body, leaving the reader susceptible to filling in the blanks on their own and performing those movements in an incorrect and injurious way.

37. Upon information and belief, it has damaged Petrone's ability to earn additional income from her Workman Publications, Work 1, and later books due for publication under the Turner Agreement, teaching, and her other professional endeavors.

38. By reason of the foregoing, Petrone is entitled to a minimum of $250,000 in compensatory damages, and $250,000 in punitive damages.

## SECOND CAUSE OF ACTION
## INJUNCTIVE RELIEF

39. Plaintiff repeats, realleges and incorporates by reference in this Paragraph all of the allegations set forth above as if repeated herein.

40. By reason of the conduct of Defendant by releasing and maintaining Work 2 for sale in the marketplace, Petrone will experience continued irreparable damage to her professional reputation and career, and to the public at large.

41. By reason of the foregoing, Plaintiff is entitled to an Order from this Court ordering Turner to remove Work 2 from the marketplace, and refrain from issuing it for re-publication until the editorial changes Petrone has demanded have been performed.

### THIRD CAUSE OF ACTION
### NEW YORK GENERAL BUSINESS LAW GBS §349

42. Plaintiff repeats, realleges and incorporates by reference in this Paragraph all of the allegations set forth above as if repeated herein.

43. NY GBL § 349(a) states: "Deceptive acts of practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

44. As alleged herein, Defendants engaged in deceptive acts and practices that affect parties such as Plaintiff and violated NY GBL § 349(a).

45. By reason of the conduct of Turner in (a) in publishing Work 2 in its semi-mutilated form and, (b) refusing to remove it from the marketplace thereafter, Turner has violated NY GBL § 349 and pursuant to subparagraph (h) thereof, now entitles Plaintiff to damages in a sum yet to be determined.

### PRAYER FOR RELIEF

Wherefore, Plaintiff demands judgement as follows:

(1) On the First Cause of Action against Defendant in the sum of $250,000 in compensatory damages, together with interest, costs and legal fees, and any other relief the Court deems just and owing; and the sum of $250,000 in punitive damages.

(2) On the Second Cause of Action Defendant for injunctive relief.

8

(3) On the Third Cause of Action against Defendant in a sum of damages yet to be determined, and other relief the Court deems just and owing.

Dated: New York, New York
March 30, 2022

                LAW OFFICE OF FRANK TADDEO JR.

By: _____
Frank Taddeo Jr., Esq. (FT-9271)
*for Plaintiff, Elaine Petrone*
45 Broadway, Suite #1420
New York, NY 10006
(212) 363-8400